IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WYATT INCORPORATED,

      Plaintiff,                             16cv0437
                                           ELECTRONICALLY FILED

      v.

TURNER CONSTRUCTION COMPANY,

      Defendant.

**MEMORANDUM ORDER STAYING CASE**

Plaintiff Wyatt Incorporated ("Wyatt") filed this breach of contract action against Defendant Turner Construction Company ("Turner") on April 14, 2016. Doc. No. 1. Turner had previously filed a breach of contract action against Wyatt in the United States District Court for the Northern District of West Virginia on April 6, 2016. 1:16cv00058 (N. D. W.Va.) (the "West Virginia case"). On May 3, 2016, Wyatt filed a Motion to Transfer Venue in the West Virginia case on May 3, 2016. 1:16cv00058, Doc. No. 8.

On May 11, 2016, Turner filed a Motion to Dismiss or Stay this Action, or, in the alternative, to Transfer this Action to the United States District Court for the Northern District of West Virginia. Doc. No. 10. Although Wyatt correctly states that there is no bright line rule within the Third Circuit as to whether the Court in a later-filed action should perform an analysis under the first-filed rule or whether such analysis is best left to the Court of the first-filed action, (doc. no. 13, p.7), this Court finds that the proper procedure under these circumstances is to STAY this case and administratively close this case until the Northern District of West Virginia District Court rules upon its pending motion to transfer venue.

However, although it is not ruling on Turner's motion to dismiss or transfer the case at this time, the Court notes that it has reviewed the positions of the Parties and it appears in light of the location of the subject project at issue and the locations of the relevant documents and witnesses, that the proper venue for this case is the Northern District of West Virginia. Although Wyatt alleges that the relevant documents and witnesses from both companies are located in Pittsburgh, Turner adequately refutes this claim and alleges that the project was managed by on-site staff in West Virginia and that it utilized personnel from its offices in Pittsburgh, Washington, D.C., Philadelphia, and New Jersey. While it appears that the Western District of Pennsylvania is the most convenient forum for Wyatt as its headquarters and relevant witnesses are all located in Pittsburgh, it would not be the most convenient forum for the litigation. 28 U.S.C. §§ 1391; 1404.

Accordingly, this case is STAYED and ADMINISTRATIVELY CLOSED pending a ruling on the Motion to Transfer in the West Virginia case.

SO ORDERED, this 25th day of May, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge